UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINASH PATEL and BINA PATEL, | No. 2:25-cv-01518-DJC-CKD |
| Plaintiffs, | |
| v. | ORDER |
| CRBR PROPERTY DAMAGE SERVICES, | |
| Defendant. | |

Plaintiff and Defendant entered a contract for the restoration of Plaintiffs' Lodge near Lake Tahoe after a fire rendered the Lodge effectively inoperable. Plaintiffs allege Defendant failed to complete the work on time and ultimately abandoned the project. Defendant moves to dismiss under Rule 12(b)(1), arguing the Court lacks subject matter jurisdiction as both parties are citizens of California. For the reasons stated below, the Court grants Defendant's Motion to Dismiss (ECF No. 5) under Rule 12(b)(1).

////

////

////

////

////

1

## BACKGROUND

Plaintiffs Minash[1] and Bina Patel own the Pine Wood Lodge in El Dorado County, California, close to South Shore, Lake Tahoe. (Compl. (ECF No. 1) ¶ 4.) In January of 2022, a fire damaged or destroyed eleven of the Lodge's rooms. (*Id.* at 3) Plaintiff Minash Patel entered a written agreement with named Defendant CRBR Property Damage Services to remediate the property in November of 2022. (Patel Decl. (ECF No. 9-1), Ex. 1 at 3.) Under this contract, Defendant purportedly agreed to an approximate completion date of November 17, 2023, for an estimated price of $880,493.85. (*Id.* at 3.) Plaintiffs allege the work was not completed as of February 28, 2025, at which time Defendant abandoned the uncompleted work and demanded payment of $353,730.25. (Compl. ¶¶ 13-14.) Based on these allegations, Plaintiffs bring this action asserting claims against "CRBR Property Damage Services" for breach of contract, negligence, and negligent interference with prospective economic advantage, seeking over $1 million in damages. (*Id.* at 4-7.)

Plaintiffs invoked this Court's federal subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. (*Id.* ¶ 1.) Plaintiffs assert that they are residents of El Dorado County, California and that CRBR[2] is a citizen of Nevada for purposes of diversity jurisdiction. (*Id.* ¶¶ 3-4.)

Defendant brings this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing the parties lack diversity of citizenship because Defendant is a citizen of California. Briefing is now completed, and the Court ordered this Motion submitted without oral argument pursuant to Local Rule 230(g). (Mot. (ECF No. 5); Opp'n (ECF No. 9); Reply (ECF No. 11).)

---

[1] While most of the pleadings identify this Plaintiff as "Minash Patel," Plaintiff's Declaration and the contract at issue, (ECF No. 9-1), also refer to Plaintiff as "Manish Patel." This Court identifies Plaintiff as Minash Patel in accordance with the case caption.

[2] Defendant contends it was erroneously sued as "CRBR Property Damage Services" and responds as "Cleanrite, Inc." (Mot. at 1.) However, in Plaintiffs' view, they contracted only with CRBR, whose name was listed on the letterhead of their contract. (Opp'n (ECF No. 9) at 2.) This Court identifies Defendant as CRBR for consistency with the case caption except as necessary to resolve the Motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1) a party may move to dismiss a complaint for lack of subject matter jurisdiction. The party asserting federal subject matter jurisdiction bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Meyer*, 373 F.3d at 1039) (internal quotation marks omitted). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id*. "By contrast, a factual attack contests the *truth* of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (quoting *Leite*, 749 F.3d at 1121) (internal quotation marks omitted). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Meyer*, 373 F.3d at 1039.

## DISCUSSION

### I. Plaintiffs Have Not Established Diversity Jurisdiction

Plaintiffs invoke the Court's federal diversity jurisdiction under 28 U.S.C. § 1332. As the party asserting federal subject matter jurisdiction, Plaintiffs bear the burden of establishing that this Court has subject matter jurisdiction.

To invoke federal subject matter jurisdiction, a case must typically involve either parties with diverse citizenship or claims arising under federal law. *Wayne v. DHL*

*Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002). To support diversity jurisdiction, there must be complete diversity between the parties, meaning that "each plaintiff must be diverse from each defendant." *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). Additionally, to warrant diversity jurisdiction, the amount-in-controversy in a case must exceed $75,000. 28 U.S.C. § 1332(a).

A party's citizenship is determined by its state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is domiciled in any state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business, also known as its "nerve center," is the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Usually, this is the location of a corporation's headquarters. *Id.*

While neither the amount in controversy nor Plaintiffs' California citizenship is disputed (Reply at 1), Defendant's citizenship is. Plaintiffs contend CRBR is a subsidiary of Cleanrite, Inc., with a distinct domicile in Nevada. (Opp'n at 2.) Meanwhile, Defendant argues Cleanrite, Inc. merely does business under the name CRBR and is domiciled in California. (Reply at 1-2.)

Plaintiffs have failed to meet their burden of proving diversity of citizenship sufficient to invoke this Court's federal subject matter jurisdiction. Defendant has provided evidence that its state of incorporation and principal place of business is California in the form of a declaration of Cleanrite, Inc.'s General Manager (Chamberlain Decl. (ECF No. 5-1) ¶ 4). Plaintiffs dispute Defendant's evidence that they erroneously sued Cleanrite, Inc. as CRBR Property Damage Services. To show that CRBR was the contracting entity, Plaintiffs direct the Court to the letterhead of the contract at issue, which reads "CRBR Property Damage Services." (Patel Decl. ¶ 3; Patel Decl., Ex. 1.) While the letterhead does refer to "CRBR Property Damage Services" on the first page, it refers to "CRBR Cleanrite-Buildrite.com" on all subsequent pages. (*See* Patel Decl., Ex. 1.) Moreover, the first sentence of the

contract specifies that "Customer hereby engages (*CRBR – Cleanrite Buildrite*) ('Contractor') to perform the work…" (*id.*), indicating CRBR also does business as Cleanrite Buildrite.  While Plaintiff alleges they have not contracted with an entity named Cleanrite (Patel Decl. ¶ 5), that fact is inconsistent with the Agreement attached as Exhibit 1 to their Declaration.  Moreover, unlike the company's General Manager, Plaintiff Minash Patel lacks personal knowledge of the corporate structure of the Defendant.  The Court therefore accepts as true the assertion that Cleanrite is the proper Defendant.

The fact that Defendant is registered to do business in Nevada does not automatically render it a citizen of Nevada.  The Declaration of Curtis Chamberlain, General Manager of Cleanrite, Inc. states that "Cleanrite is a California corporation with its principal place of business in California."  (Chamberlain Decl. ¶ 4.)  The Declaration clarifies that Cleanrite is registered as a "foreign entity" in Nevada because "Cleanrite does, at times, conduct business in the State of Nevada."  *Id.*  A corporation's registration as a foreign entity in a state does not make it a corporation of that state.  *Tanious v. Gattoni*, 533 F. Supp. 3d 770, 776–77 (N.D. Cal. 2021); *see also Martinez v. Am.'s Wholesale Lender*, No. 18-cv-02869-LHK, 2019 WL 2451010, at *2 (N.D. Cal. June 12, 2019), *aff'd*, 808 F. App'x 519 (9th Cir. 2020).  Rather, a corporation's registration as a foreign entity in a state demonstrates it is not incorporated in that state.  *Martinez*, 2019 WL 2451010, at *2.  Therefore, the fact that Defendant is registered to do business in the state of Nevada does not establish that Nevada is its state of incorporation nor its principal place of business.  *Tanious*, 533 F. Supp. 3d at 776–77; *Martinez*, 2019 WL 2451010, at *2; *Mueller v. Clarke*, No. SACV2001401CJCADSX, 2020 WL 5759122, at *2 (C.D. Cal. Sept. 28, 2020).

Defendant's use of a name different from its legal name in conducting business does not establish that that different name represents a distinct entity with a distinct domicile.  *See Martinez*, 2019 WL 2451010, at *2 (analyzing domicile of a corporation based on the corporation's state of incorporation irrespective of its use of a fictitious

name in another state).  Even if Defendant registered to do business in Nevada under the operational name CRBR, CRBR would not qualify as a distinct Nevada entity.  *See Carter v. Clear Fir Sales Co.*, 284 F. Supp. 386, 387 (D. Or. 1967) (holding entity registered to do business in Oregon under a fictitious name but incorporated in another state was not a citizen of Oregon for diversity jurisdiction purposes).

Finally, the simple fact that Defendant has an address in Nevada cannot supplant the evidence Defendant has presented of its citizenship.  Plaintiffs note that the contract letterhead lists a Nevada address as well as a Nevada license number.[3] (Opp'n at 2.)  However, the fact that Defendant has an address in Nevada does not contradict Defendant's evidence that it is incorporated in California.  Even if this fact suggested an alternate principal place of business, Defendant would remain a citizen of its state of incorporation, California.  Therefore, the parties would not be completely diverse.

Plaintiffs have thus failed to establish that Defendant is not a citizen of California.  As such, the parties lack diversity of citizenship, and this Court lacks subject matter jurisdiction over the case.

## CONCLUSION

In accordance with the above, it is hereby ORDERED that Defendant's Motion to Dismiss (ECF No. 5) is GRANTED and this action is DISMISSED without prejudice to refiling in state court. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **September 12, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – patel25cv01518.mtd

---

[3] The contract also lists a California license number.  (*See* Patel Decl., Ex. 1.)

6